FIRST ACQUISITION FUNDING LLC, Appellant, v 1ST ALLIANCE LENDING, LLC, Respondent. [993 NYS2d 700]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered September 3, 2013, dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered August 26, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff, a hedge fund, provided funding (or arranged for the provision of funding) in the form of a $20 million warehouse line of credit to defendant, an originator of mortgages, pursuant to a "Second Amended and Restated Fee Side Letter" (the Second Amended FSL) and the "Second Amended and Restated Master Repurchase Agreement" (the Second Amended MRA). Under the Second Amended FSL, the provision of an "Available Commitment" by plaintiff to defendant was the consideration for which plaintiff was to be compensated. The parties' dispute centers on the meaning of "Available Commitment."

"Available Commitment" is defined, in relevant part, as "the commitment [of plaintiff] . . . to provide its own funds to [defendant] in support of the business of originating Mortgage Loans and selling such Mortgage Loans or securitizing such Mortgage Loans." Plaintiff argues that to be entitled to compensation it was only required to provide a "commitment" of funds, regardless of whether defendant exercised its right to use the funds. Defendant argues that plaintiff was required to provide actual funding (whether directly or indirectly) for specific loans before it would be entitled to a portion of profits derived from those loans. We find that the Second Amended FSL unambiguously supports defendant's interpretation (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

As the Second Amended FSL is unambiguous, the motion court correctly declined to consider the extrinsic evidence submitted by plaintiff (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]).

We have considered plaintiff's remaining arguments, and find them unavailing. Concur—Tom, J.P., Friedman, Acosta, De-Grasse and Gische, JJ.